SHARON HANDROCK MOORE, ESQ. (SM-0050)
GEBHARDT & KIEFER, P.C.
1318 Route 31
P.O. Box 4001
Clinton, New Jersey 08809
(908) 735-5161
Attorney for Defendants: Patricia Lee; William Edelmann, Ruth Coules; James Pellecchia, III;
William Kays; Dolores A. Noboa; Matthew Severino; Michael S. Sroka; Timothy Brennan;
James Chiego; and Union Township Board of Education

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BECK and BARRI BECK, Husband and Wife; JORDAN BECK, a minor, by her father and Guardian ad Litem, MICHAEL BECK; and SAMANTHA BECK, a minor, by her father and Guardian ad Litem, MICHAEL BECK, | CASE NUMBER: **06-5368 (AET)** |
| | *CIVIL ACTION* |
| | **ORDER FOR JUDGMENT** |
| Plaintiffs, | |
| v. | |
| PATRICIA LEE; WILLIAM EDELMANN; RUTH COULES; JAMES PELLECCHIA, III; WILLIAM KAYS; DOLORES A. NOBOA; MATTHEW SEVERINO; MICHAEL S. SROKA; TIMOTHY BRENNAN; JAMES CHIEGO; LEANN CHIEGO; UNION TOWNSHIP; UNION TOWNSHIP BOARD OF EDUCATION, and JOHN DOES 1-10 (representing fictitious individuals who may be responsible for Plaintiffs' injuries in part), | RECEIVED  DEC 0 5 2007  AT 8:30 _____ M  WILLIAM T. WALSH  CLERK |
| Defendants, | |

**THIS MATTER,** having come before the Court in accordance with New Jersey Court Rules 4:44-3, and the attorneys for the parties having reported to the Court that a settlement has been arrived at between the Plaintiffs and the Defendants, and the matter having individual claims by minors, the Court having then taken proofs on the record, and having approved said settlement;

It is on this 4th. day of December, 2007:

**ORDERED** that Judgment is entered in accordance with the Settlement Agreement which is annexed hereto as Exhibit A.

It is **FURTHER ORDERED** that a copy of this Order for Judgment shall be provided to all parties within 10 days of the date hereof.

The Honorable John J. Hughes, U.S.M.J.

2

SHARON HANDROCK MOORE, ESQ. (SM-0050)
GEBHARDT & KIEFER, P.C.
1318 Route 31
P.O. Box 4001
Clinton, New Jersey 08809
(908) 735-5161
Attorney for Defendants:   Patricia Lee; William Edelmann, Ruth Coules; James
Pellecchia, III; William Kays; Dolores A. Noboa; Matthew Severino; Michael S. Sroka;
Timothy Brennan; James Chiego; and Union Township Board of Education

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BECK and BARRI BECK, Husband and Wife; JORDAN BECK, a minor, by her father and Guardian ad Litem, MICHAEL BECK; and SAMANTHA BECK, a minor, by her father and Guardian ad Litem, MICHAEL BECK, | **CASE NUMBER: 06-5368 (AET)** |
| | *CIVIL ACTION* |
| Plaintiffs, | **SETTLEMENT AGREEMENT AND RELEASE** |
| v. | |
| PATRICIA LEE; WILLIAM EDELMANN; RUTH COULES; JAMES PELLECCHIA, III; WILLIAM KAYS; DOLORES A. NOBOA; MATTHEW SEVERINO; MICHAEL S. SROKA; TIMOTHY BRENNAN; JAMES CHIEGO; LEANN CHIEGO; UNION TOWNSHIP; UNION TOWNSHIP BOARD OF EDUCATION, and JOHN DOES 1-10 (representing fictitious individuals who may be responsible for Plaintiffs' injuries in part), | |
| Defendants, | |

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, the Parties to this matter wish to amicably resolve all of the issues between them and to move forward in a manner which will create a peaceful environment by providing for limited or no contact between Plaintiffs and Defendants and which will avoid the potential for future controversies; and

**WHEREAS**, the Parties hope by this Agreement to prevent a reoccurrence of any behaviors which have created disharmony, annoyance, alarm, or concern in the past; and

**WHEREAS**, the Parties each recognize that it would be impossible to set forth with particularity each and every act which could be a violation of the literal terms of this Agreement but understand that the spirit of the Agreement is to refrain from engaging in any type of conduct which is hurtful, annoying, alarming, or disparaging and to avoid contact between Plaintiffs, Defendants, and their families; and

**WHEREAS**, the Parties wish to provide for an enforcement procedure which will, to the fullest extent possible, be used instead of resort to the filing of Complaints or Summons in any Court of competent jurisdiction, including, but not limited to, the Superior Court of New Jersey, the Federal District Court for the District of New Jersey, the Municipal Court for Union Township or any other Municipal Court having jurisdiction over a claim; the Commissioner of Education, or any other administrative agency including ethics boards; and

**WHEREAS**, due to the inclusion of minor Plaintiffs, the Parties wish to have the Court review and approve this Agreement so that this Agreement shall bind the minor Plaintiffs and be enforceable against them;

**NOW, THEREFORE**, the Parties agree as follows:

1. The Parties shall, to the fullest extent possible, avoid any and all contact with any adverse party. By way of specific example and not limitation, it is hereby agreed:

A. The Becks will not attend meetings of the Board of Education, or enter the properties owned by the Union Township Board of Education or attend Board sponsored events. Defendants agree not to go on the property of The Far Hills Country Day School as long as any Beck child is a student therein unless, and only to the extent necessary, to fulfill any legal obligation or duty on the part of the Defendant(s) to provide any other student a free and appropriate public education, or as otherwise required by law.

B.   The Becks will use a means of ingress and egress to their residence which does not cause them to travel past the Chiego residence. The Becks shall not pass by the Chiego residence (either as a passenger or as a driver) by motor vehicle, automobile, bicycle, foot, or by any other means of transport. Additionally, the Becks will not utilize or visit the "Mini Dump" or The Historical Society Headquarters which are across the street from the Chiego property, except that the Becks may use the "Mini Dump" the first Saturday of every odd numbered month between 8:00 a.m. and 10:00 a.m.

C. The Chiegos will use a means of ingress and egress to their property which does not cause them to go past the Beck residence. The Chiegos shall not pass by

3

the Beck residence (either as a passenger or as a driver) by automobile, bicycle, foot, or any other means of transport.

D.  None of the Plaintiffs shall contact or visit the Defendants' places of business unless required to do so for a valid business purpose of the Plaintiff's employer. None of the Defendants shall contact or visit the Becks' places of business unless required to do so for a valid business purpose of the Defendant's employer.  In the event that a Party must contact or visit the place of business of any adverse Party, or unintentionally visits the place of business of any adverse Party due to not having received notice of a change in the location of a Party's employment, the Parties agree that they will not speak to each other, approach each other, gesture at each other, nor will comments be made to third parties concerning any adverse Party hereto.

E.  The Parties, on behalf of themselves and their minor children, agree to refrain, insofar as is practicable, from going to the residence or place of work of any adverse Party, or traveling past the residences or places of work of any adverse Party, and, in the event, that due to necessity they must travel past the residence or place of work of any adverse Party hereto, each Party agrees that no gestures will be made, no photographs or videos will be taken, no horns will be sounded, no words will be spoken. If driving a motor vehicle, the respective party shall do so in a reasonable and prudent manner, so as not to cause harm or annoyance to an individual or to an individual's property.

F.  The Parties agree to have no communication with any adverse Party by telephone, letter, e-mail, fax, or any other means of communication, and also agree to request that their friends and family members also refrain from all such contact.  No Party

4

will send anonymous messages to any adverse Party, solicit mailings or merchandise to be sent to any adverse Party, or attempt to contact an adverse Party through an intermediary.

        G. In the event that one or another of the Plaintiffs should inadvertently come into contact with any of the Defendants or members of their immediate families, the Parties agree that they will not speak to each other, approach each other, gesture at each other, nor will comments be made to Third parties concerning any adverse Party hereto. The Parties agree that each shall use all reasonable efforts to leave the immediate vicinity of the other(s) as soon as practicable under the circumstances and in such a manner that is not intended, designed, or calculated to call attention to the inadvertent contact.

        2. The Parties agree that, insofar as is permitted by law, they will not discuss the facts which gave rise to this litigation, the settlement of this litigation, or anything whatsoever concerning this matter or concerning any adverse Party to this matter to Third parties, nor shall any Party make a comment or statement to the press or any other form of media. This prohibition shall include, but shall not be limited to writing a letter to the editor of any publication, posting of any comments or communication upon any website, weblog, or "blog" on-line Internet forum or in any chatroom. The Parties shall instruct their friends, family members, and legal counsel that the matter has been resolved and not to discuss it. The Parties further agree that if contacted by any member of the press or media, the only statement which will be made is "No Comment" or "I can't talk about it. The matter is confidential.". The Parties understand that the Board of Education must authorize settlement through a formal resolution at a public session. The form of

resolution to be used is annexed hereto as Exhibit A. The Parties understand that the only exception to this confidentiality requirement will be with respect to the right of the public to obtain a copy of the Agreement from the Board of Education pursuant to a valid OPRA request and or a lawfully executed subpoena. The Parties specifically agree to refrain from directing, asking, suggesting, or otherwise causing any third party to make or issue an OPRA request or subpoena. In the event that any Party hereto receives a subpoena and/or the Board receives an OPRA request, the attorneys representing the other Parties shall be notified in writing within two (2) business days of the receipt of such request or subpoena. Notice shall be by regular mail and to the parties' attorneys consenting to the form of Order and this Settlement Agreement.

3. The Parties agree that the following pending litigation, including matters before administrative agencies and boards and matters pending before any Municipal Court involving all or some of the Parties, will be dismissed:

A. The charges currently filed by Barri Beck against Ruth Coules which are pending in Municipal Court;

B. The ethics charges filed by Barri Beck against Ruth Coules and/or the Board of Education involving inappropriate comments during executive session which is currently before the School Ethics Board;

C. The ethics charges filed by the Becks against the Board of Education alleging improper expenditure of public funds;

D. The Parties agree to forego filing, asserting, or otherwise acting upon any claims or causes of action which have or may have accrued or occurred up until the date that this Agreement is signed by all Parties which could give rise to a cause of

action, including, but not limited to, claims for tuition reimbursement for educational services received or to be rendered prospectively.

4. Violations of this Agreement shall be submitted to binding arbitration. Such arbitration shall be conducted in a summary manner. It is the understanding of the Parties that this Agreement will resolve their past and existing differences and shall provide all and each of them repose, allowing the Parties to live their lives and conduct themselves free from fear or concern of prospective contact, conduct, or behavior that may be reasonably understood as likely to disturb the Parties' ability to experience and enjoy such repose. Consequently, it is hereby agreed that arbitration shall only be resorted to in good faith and only in the event of a Party's material violation of the letter or spirit of this Agreement, which is reasonably capable of resulting in a significant disruption of the repose the Parties desire to maintain. The Parties acknowledge that such a violation could consist of a single isolated incident, if sufficiently egregious (by way of example and not limitation: an egregious incident would include a Party accosting an adverse Party in public using vulgar or loud language and gestures, putting a Party or family member of a Party in fear of imminent danger of bodily harm, willfully damaging personal property, making a public comment to the press regarding the litigation or an adverse Party and/or one of the Plaintiffs traveling by the Chiego residence or one of the Chiegos traveling by the Beck residence on more than one occasion in a 30-day period, even if not accompanied by any other annoying conduct, and similar violations), or a violation may consist of the cumulative sum of multiple and/or repetitive acts constituting less egregious or technical violations (by way of example and not limitation: a repetitious violation would include or a Party driving by an adverse Party's residence or place of

work on two or more occasions within a 30-day period accompanied by annoying behavior such as horn honking, gesturing or shouting).

The Parties involved in the alleged violation shall choose an arbitrator who shall be a retired Superior Court or Federal District Court Judge. In the event that the Parties involved are unable to agree upon an arbitrator within five (5) days of a demand for arbitration served by any Party, the Parties agree to retain John Boyle as arbitrator or his designee.

Any demand for arbitration based upon a claim of a violation must be served within 30 days of the last act giving rise to the alleged violation. The arbitrator will schedule the arbitration for a location reasonably convenient for all Parties as soon as practicable. The arbitrator, in his or her sole discretion, may request position statements from the parties, question witnesses, or may accept affidavits or certifications in lieu of testimony. A violation must be proven by a preponderance of the evidence. The decision of the arbitrator shall be rendered in writing and shall expressly decide whether a violation of the Agreement has occurred. The non-prevailing Party or Parties shall be solely responsible for the costs of arbitration and any attorney's fees incurred by the prevailing Party. The Parties agree that the Arbitrator shall be empowered to determine the amount of costs and attorney's fees owed by the non-prevailing Party in the event the parties cannot stipulate to the amount.

In addition, in the event that the arbitrator determines that the claim was filed in bad faith, or that the sustained violation was a willful and deliberate violation of the letter or the spirit of this Agreement, the arbitrator may, in his or her sole discretion, impose a sanction on the violating Party or Parties to be paid to the prevailing party. The sanction

8

shall be reasonable and proportionate to the nature of the violation. Any such award, including costs, counsel fees and/or sanction shall not be subject to appeal and shall be enforceable as an arbitration award.

Any party who avails himself or herself of the provisions of this Paragraph without probable cause that an offense has been committed shall be in violation of this Settlement Agreement and subject to the arbitration provision of Paragraph 4.

5. Paragraphs 3 and 4 above notwithstanding, nothing in this Agreement shall prevent a Party from seeking protection, assistance, or redress in a Court of competent jurisdiction and by notifying the appropriate law enforcement personnel or agency in the event of conduct posing an imminent danger to person or property, or in the event of a physical assault, or with respect to conduct which may be considered an indictable offense under the criminal code of New Jersey or in violation of the requirements of Barri Beck's Pretrial Intervention.

6. In order to resolve the claims asserted in this case and to induce Plaintiffs to enter into this Agreement, the Defendants shall pay to Plaintiffs the sum of $100,000, inclusive of attorney's fees and costs, in full and final settlement of all claims which were or could have been asserted in this matter.    Plaintiffs shall receive $75,000 within two weeks of the Court's approval of this Agreement. (the "Approval Date"). The amount of $25,000 shall be held in escrow by the Plaintiffs' attorney as set forth below. Plaintiffs' attorney shall continue to hold the remaining funds in escrow for a period of one year from the Approval Date or until the Becks close title and move out of Union Township, and not within a nine mile radius of their present residence, whichever occurs first. During the full escrow period, the funds shall be used to satisfy and/or offset any

9

arbitration awards against the Plaintiffs pursuant to Paragraph 3 of this Agreement. In the event an award is made, Plaintiffs shall immediately replenish the escrow to the full amount of $25,000. If at any time such escrow shall be insufficient to satisfy any award, in whole or in part, the Plaintiffs shall remain fully liable for the amount of any award(s) against them such that Defendants shall not in any fashion be limited in the collection of any award to or by the amount held in escrow at the time the award is made.

7.    Except as set forth herein, the Parties release and give up any and all claims and rights which each have against the others, including counterclaims. This releases all claims, including those of which a party is not aware, and those not mentioned in this Release. This Release applies to claims resulting from anything which has happened up to now. This Release does not apply to the Board's obligation to defend and indemnify the Plaintiff, Barri Beck, in her capacity as a Member of the Union Township School Board pursuant to N.J.S.A. 18A:16-6 et seq.

8.    This Agreement does not constitute, and shall not be construed as, an admission of liability or responsibility on the part of any of the Parties, who continue to deny all liability or wrongdoings for the purposes of amicably resolving the differences between the Parties.

9. Each Party shall bear the cost of its own legal expenses in connection with this matter and any peripheral administrative or criminal matter, provided, however, that the Board of Education, to the fullest extend permitted by law, shall reimburse Defendants who are current or former Board members in connection with any legal fees incurred with respect to claims involving the Plaintiffs, including, but not limited to, the costs incurred

by the Chiego Family and the Coules Family in the Union Township Municipal Court on appeal or on remand to Municipal Court.

10.  Plaintiffs further agree that neither the Defendants nor their agents or counsel have made representation to Plaintiffs concerning the taxability of the amounts to be paid herewith.  It is further understood that in the event a taxing entity ultimately determines that any or all of the foregoing amounts constitute income for which any taxes remain due and owing, Plaintiffs shall be responsible for the payment of all such taxes and shall hold the Defendants, their agents, and counsel harmless.

11.  Plaintiffs agree that if any claims, suits, or liens are asserted against Defendants or their agents in connection with injuries or other losses to the Plaintiffs, either under Worker's Compensation Laws, by any provider of medical, dental, or hospital services, or by the State of New Jersey, or any governmental body, including Welfare Boards, Plaintiffs will indemnify and hold Defendants and their agents and counsel harmless against such claims, suits, or liens.

12.  The Complaint and any and all Counterclaims in Beck v. Lee, et al., U.S. District Court of New Jersey, Case Number: 06-5368 (AET), shall be, and hereby are, dismissed with prejudice.

13.  All Parties are bound by this Release.

WITNESS:
_____

_____
**MICHAEL BECK**
**Individually**

11

_____          _____
                                   **MICHAEL BECK**
                                   **Guardian ad Litem for Jordan Beck,**
                                   **a minor**

_____          _____
                                   **MICHAEL BECK**
                                   **Guardian ad Litem for Samantha Beck,**
                                   **a minor**

_____          _____
                                   **BARRI BECK**

_____          _____
                                   **PATRICIA LEE**

_____          _____
                                   **WILLIAM EDELMANN**

_____          _____
                                   **RUTH COULES**

_____          _____
                                   **JAMES PELLECCHIA, III**

_____          _____
                                   **WILLIAM KAYS**

_____          _____
                                   **DOLORES A. NOBOA**

_____          _____
                                   **MATTHEW SEVERINO**

_____     _____
                               **MICHAEL BECK**
                               **Guardian ad Litem for Jordan Beck,**
                               **a minor**


_____     _____
                               **MICHAEL BECK**
                               **Guardian ad Litem for Samantha Beck,**
                               **a minor**


_____     _____
                               **BARRI BECK**


_____     _____
                               **PATRICIA LEE**


_____     _____
                               **WILLIAM EDELMANN**


_____     _____
                               **RUTH COULES**


_____     _____
                               **JAMES PELLECCHIA, III**


_____     _____
                               **WILLIAM KAYS**


_____     _____
                               **DOLORES A. NOBOA**


_____     _____
                               **MATTHEW SEVERINO**

12

_____        **MICHAEL BECK**
                               **Guardian ad Litem for Jordan Beck,**
                               **a minor**

_____        **MICHAEL BECK**
                               **Guardian ad Litem for Samantha Beck,**
                               **a minor**

_____        **BARRI BECK**

_____        **PATRICIA LEE**

_____        **WILLIAM EDELMANN**

_____        **RUTH COULES**

_____        **JAMES PELLECCHIA, III**

_____        **WILLIAM KAYS**

_____        **DOLORES A. NOBOA**

_____        **MATTHEW SEVERINO**

12

_____

**MICHAEL BECK**
**Guardian ad Litem for Jordan Beck,**
**a minor**

_____

**MICHAEL BECK**
**Guardian ad Litem for Samantha Beck,**
**a minor**

_____

**BARRI BECK**

_____

**PATRICIA LEE**

_____

**WILLIAM EDELMANN**

_____

**RUTH COULES**

_____

**JAMES PELLECCHIA, III**

_____

**WILLIAM KAYS**

_____

**DOLORES A. NOBOA**

_____

**MATTHEW SEVERINO**

_____     _____
                                **MICHAEL BECK**
                                **Guardian ad Litem for Jordan Beck,**
                                **a minor**

_____     _____
                                **MICHAEL BECK**
                                **Guardian ad Litem for Samantha Beck,**
                                **a minor**

_____     _____
                                **BARRI BECK**

_____     _____
                                **PATRICIA LEE**

_____     _____
                                **WILLIAM EDELMANN**

_____     _____
                                **RUTH COULES**

_____     _____
                                **JAMES PELLECCHIA, III**

_____     _____
                                **WILLIAM KAYS**

_____     _____
                                **DOLORES A. NOBOA**

_____     _____
                                **MATTHEW SEVERINO**

12

_____          _____
                                 MICHAEL S. SROKA


_____          _____
                                 TIMOTHY BRENNAN

_____          _____
                                 JAMES CHIEGO

_____          _____
                                 LEE ANN CHIEGO


**UNION TWP BOARD OF EDUCATION**   **UNION TWP BOARD OF EDUCATION**

_____          _____
     **BOARD SECRETARY**              MICHAEL S. SROKA
                                     **BOARD PRESIDENT**


The Court having reviewed the terms of the settlement and having determined that

it is fair and in the best interest of the parties, including the minor Plaintiffs, it is hereby

approved.


_____
**THE HONORABLE JOHN J. HUGHES**
**U.S.M.J.**


13

_____
WITNESS

MICHAEL S. SROKA

_____
TIMOTHY BRENNAN

_____

JAMES CHIEGO

_____

LEE ANN CHIEGO

**UNION TWP BOARD OF EDUCATION   UNION TWP BOARD OF EDUCATION**

_____
**BOARD SECRETARY**

**MICHAEL S. SROKA**
**BOARD PRESIDENT**

The Court having reviewed the terms of the settlement and having determined that it is fair and in the best interest of the parties, including the minor Plaintiffs, it is hereby approved.

THE HONORABLE JOHN J. HUGHES
U.S.M.J.

13

I consent to the form of this Order.

**LANZA & LANZA, ESQ.**
Attorney(s) for the Plaintiffs, Michael Beck and Barri Beck, Husband and Wife; Jordan Beck, a minor, by her father and Guardian ad Litem, Michael Beck; and Samantha Beck, a minor, by her father and Guardian ad Litem, Michael Beck

JOHN R. LANZA, ESQ.
DATED: 12/4/07

**McELROY DEUTSCH, MULVANEY, CARPENTER, LLP**
Attorney(s) for Defendant, Leann Chiego

ROBERT C. SCRIVO, ESQ.
DATED: 12-4-07

**GEBHARDT & KIEFER, P.C.**
Joint Attorney(s) for Defendants, Patricia Lee, William Edelmann, Ruth Coules, James Pellechia, III, William Kays, Dolores A. Noboa, Matthew Severino, Michael S. Sroka, Timothy Brennan. James Chiego, and Union Township Board of Education

SHARON H. MOORE, ESQ.
DATED: 12/4/07

14

**HILL WALLACK**
Joint Attorney(s) for Defendants, Patricia Lee, William Edelmann, Ruth Coules, James Pellechia, III, William Kays, Dolores A. Noboa, Matthew Severino, Michael S. Sroka, Timothy Brennan. James Chiego, and Union Township Board of Education

_____ *Cherylee O. Judson, Esq.*
JEFFREY L. SHANABERGER, ESQ.
DATED: 12/1/07


**PORZIO, BROMBERG & NEWMAN, P.C.**
Personal Attorney(s) for Dolores A. Noboa and Matthew Severino
    (on Punitive Damages and Uninsured Claims only)



_____
VITO A. GAGLIARDI, JR., ESQ.
DATED: _____



**HARTLAUB, DOTTEN & TERRY, P.C.**
Personal Attorney for Ruth Coules


_____
MICHAEL D. MEZZACCA, ESQ.
DATED: 12/4/07

# EXHIBIT A

# RESOLUTION OF THE BOARD OF EDUCATION OF THE TOWNSHIP OF UNION IN THE COUNTY OF HUNTERDON NEW JERSEY APPROVING THE SETTLEMENT AGREEMENT MARKED AS S-2007A

**WHEREAS**, the paramount responsibility of the Board of Education of the Township of Union in the County of Hunterdon New Jersey (the "Board") is to provide the School Community with a healthy, safe and secure learning environment; and

**WHEREAS**, the Board and current and former Board members are currently involved in several legal actions with the adverse party described in the Settlement Agreement (the "Agreement"); and

**WHEREAS**, the Board wishes to discontinue legal action and resolve all outstanding matters with the adverse party; and

**WHEREAS**, the Board has determined that legal fees incurred by the board in the defense of the legal actions would greatly exceed the $15,000 payment for uninsured claims to be made by the Board to consummate the Settlement Agreement; and

**WHEREAS**, the Board has determined that the terms of the Settlement Agreement will allow the parties to end the adversarial nature between them and allow the Board to insure a safe, peaceful learning environment for the Union Township School community; and

**WHEREAS**, the Board now desires to approve the Settlement Agreement, and to authorize certain actions in connection with the approval of the Agreement.

## NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF EDUCATION OF THE TOWNSHIP OF UNION IN THE COUNTY OF HUNTERDON NEW JERSEY AS FOLLOWS:

**SECTION 1**. This resolution is hereby adopted.

**SECTION 2**. The President is hereby authorized and directed to execute and deliver any and all documents and to do and cause to be done any and all acts and things necessary or proper for carrying out the actions contemplated by this resolution. The execution by the President of any such documents, with changes, insertions or omissions approved by the President, in consultation with Board Counsel, shall be conclusive and no further ratification or other action by the Board shall be required with respect thereto.

**SECTION 3**. Any and all other resolutions adopted previously and inconsistent herewith are hereby rescinded to the extent of such inconsistency.

**SECTION 4**. This resolution shall take effect immediately.

# RESOLUTION OF THE BOARD OF EDUCATION OF THE TOWNSHIP OF UNION IN THE COUNTY OF HUNTERDON NEW JERSEY APPROVING THE SETTLEMENT AGREEMENT MARKED AS S-2007A

**WHEREAS**, the paramount responsibility of the Board of Education of the Township of Union in the County of Hunterdon New Jersey (the "Board") is to provide the School Community with a healthy, safe and secure learning environment; and

**WHEREAS**, the Board and current and former Board members are currently involved in several legal actions with the adverse party described in the Settlement Agreement (the "Agreement"); and

**WHEREAS**, the Board wishes to discontinue legal. action and resolve all outstanding matters with the adverse party; and

**WHEREAS**, the Board has determined that legal fees incurred by the board in the defense of the legal actions would greatly exceed the $15,000 payment for uninsured claims to be made by the Board to consummate the Settlement Agreement; and

**WHEREAS**, the Board has determined that the terms of the Settlement Agreement will allow the parties to end the adversarial nature between them and allow the Board to insure a safe, peaceful learning environment for the Union Township School community; and

**WHEREAS**, the Board now desires to approve the Settlement Agreement, and to authorize certain actions in connection with the approval of the Agreement.

## NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF EDUCATION OF THE TOWNSHIP OF UNION IN THE COUNTY OF HUNTERDON NEW JERSEY AS FOLLOWS:

**SECTION 1**. This resolution is hereby adopted.

**SECTION 2**. The President is hereby authorized and directed to execute and deliver any and all documents and to do and cause to be done any and all acts and things necessary or proper for carrying out the actions contemplated by this resolution. The execution by the President of any such documents, with changes, insertions or omissions approved by the President, in consultation with Board Counsel, shall be conclusive and no further ratification or other action by the Board shall be required with respect thereto.

**SECTION 3**. Any and all other resolutions adopted previously and inconsistent herewith are hereby rescinded to the extent of such inconsistency.

**SECTION 4**. This resolution shall take effect immediately.